**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-7449**

_____

MARVIN CLAIR,

           Plaintiff - Appellant,

     v.

UNITED STATES OF AMERICA,

           Defendant - Appellee,

     and

FEDERAL CORRECTIONAL COMPLEX, PETERSBURG, VIRGINIA; FEDERAL BUREAU OF PRISONS, MID-ATLANTIC REGION,

           Defendants.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:16-cv-00251-AWA-LRL)

_____

Submitted:  February 22, 2018           Decided:  February 27, 2018

_____

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Marvin Leon Clair, Appellant Pro Se.  Virginia Lynn Van Valkenburg, Assistant United States Attorney, Jennifer E. Flurry, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Leon Clair seeks to appeal the district court's order denying relief on his complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (2012). The Government has moved to dismiss the appeal as untimely. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on August 22, 2017. The notice of appeal was filed on October 27, 2017.[*] Because Clair failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).